**Jack B. WILCOX, Appellant,**

v.

**HILLCREST MEMORIAL PARK OF DALLAS, Service Corporation International, Inc., d/b/a Sparkman-Hillcrest Funeral Home, and Batesville Casket Company, Inc., Appellees.**

**No. 05–84–00492–CV.**

Court of Appeals of Texas, Dallas.

July 8, 1985.

Rehearing Denied Sept. 6, 1985.

William Clifford Couch, Dallas, for appellant.

Sidney H. Davis, Jr., Dallas, for Batesville.

---

**2.** U.S. CONST. amend. V.

**3.** TEX. CONST. art. I, § 10.

424

Gerald R. Powell and Lyle H. Jeanes, II, Dallas, for Hillcrest Memorial Park.

Stephen C. Schoettmer, Dallas, for Service Corp.

Before AKIN, WHITHAM and McCLUNG, JJ.

AKIN, Justice.

Jack B. Wilcox appeals from a take-nothing judgment rendered after a jury trial in his suit against Batesville Casket Company, Inc.[1] Wilcox sued Batesville alleging a breach of warranty in connection with the sale of a certain "sealer"-type casket purchased from Sparkman-Hillcrest Funeral Home ("Sparkman") by Wilcox and manufactured by Batesville. The question presented is whether TEX.BUS. & COM. CODE ANN. § 2.607(c)(1) (Vernon 1968) requires that a buyer notify a *remote* seller of an alleged breach of warranty or be barred from any remedy for breach of warranty under the Code. We hold that it does and, accordingly, affirm the judgment of the trial court as to Batesville.

The jury, by its answers to special issues, found that the casket manufactured by Batesville was unfit for ordinary purposes and that the casket's unfit condition was a proximate cause of the occurrence in question. The jury also found, however, that Wilcox failed to notify Batesville of the casket's unfit condition within a reasonable time. The trial court expressly noted in its judgment that Wilcox's failure to give notice to Batesville barred Wilcox's breach of warranty claim against Batesville. Accordingly, the trial court rendered judgment that Wilcox take nothing against Batesville.

Wilcox contends on appeal that the trial court erred in overruling his objection to the submission of the special issue inquiring whether Wilcox notified Batesville of the alleged defect in the casket within a reasonable time after discovering the defect. Wilcox asserts that the court erred in

submitting this issue because notice to Batesville, the manufacturer of the allegedly defective casket, was not required as a matter of law. We disagree. Section 2.607(c)(1) of the Texas Business and Commerce Code provides:

Where a tender has been accepted

(1) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy[.]

Wilcox argues that section 2.607(c)(1) requires that Wilcox give notice only to his immediate seller, Sparkman, and not to the remote manufacturer, Batesville.

We cannot agree with Wilcox's contention. To hold as he would have us do would frustrate the purpose underlying the notice requirement of section 2.607. The buyer is required to notify the seller that a breach of warranty has occurred in order to give the seller an opportunity to inspect the product to determine whether it was defective and to allow the seller an opportunity to cure the breach, if any. *See City of Marshall, Texas v. Bryant Air Conditioning*, 650 F.2d 724, 727 (5th Cir. 1981); *Southwest Lincoln-Mercury, Inc. v. Ross*, 580 S.W.2d 2, 5 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.); *Import Motors, Inc. v. Matthews*, 557 S.W.2d 807, 809 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.). It would be untenable to allow a buyer, such as Wilcox, to recover damages for breach of warranty from a remote seller or manufacturer who was never even made aware that the product in question was defective and who, consequently, never had an opportunity to remedy the defect to the buyer's satisfaction before litigation was commenced or even to inspect the product to ascertain if indeed a defect existed. We hold, therefore, that section 2.607(c)(1) requires that a buyer notify any seller, including a remote seller such as the manufacturer, of the product's alleged defect within a reasonable time of discovering the defect and that failure to

1. We have disposed of Wilcox's points with respect to the other appellees in a separate unpublished opinion.

do so bars the buyer from any remedy for breach of warranty under the Texas Business & Commerce Code.

Wilcox argues, however, that *Vintage Homes, Inc. v. Coldiron*, 585 S.W.2d 886 (Tex.Civ.App.—El Paso 1979, no writ), supports his position. That court stated that "the notice requirement of section 2.607 applies only as between a buyer and his immediate seller." *Vintage Homes*, 585 S.W.2d at 888. We expressly disagree with the El Paso court's interpretation of section 2.607. We note that that court's conclusion was based on a commentary which discussed a version of section 2.607 that differed in an important respect from the version enacted into Texas law as TEX. BUS. & COM.CODE § 2.607(c)(1). The version discussed by that commentary required that the buyer give note to "his" seller, while the Texas version of section 2.607(c)(1) requires that notice be given to "the" seller. We further note that at least one Texas court has viewed section 2.607 as requiring that a buyer notify a remote seller, such as the manufacturer of the product, prior to suing that seller for breach of warranty. *See Melody Home Manufacturing Co. v. Morrison*, 502 S.W.2d 196 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.). Moreover, courts in other jurisdictions have held that the notice requirement of section 2.607 applies to a buyer's remote seller as well as to his immediate seller. *See Cotner v. International Harvester Co.*, 260 Ark. 885, 545 S.W.2d 627 (1977); *Branden v. Gerbie*, 62 Ill.App.3d 138, 379 N.E.2d 7 (1978); *Parrillo v. Giroux Co., Inc.*, 426 A.2d 1313 (R.I.1981); *Western Equipment Co., Inc. v. Sheridan Iron Works, Inc.*, 605 P.2d 806 (Wyo.1980).

■ We conclude that, in the instant case, the trial court properly submitted to the jury the special issue which inquired whether Wilcox notified Batesville of the alleged defect in the casket within a reasonable time after discovering the defect. The jury found that Wilcox did not so notify Batesville. Accordingly, we hold that because Wilcox failed to notify Batesville of the alleged defect in the casket within a reasonable time after it was discovered, as required by TEX.BUS. & COM.CODE § 2.607(c)(1), Wilcox's breach of warranty action against Batesville was barred as a matter of law. Consequently, we affirm the trial court's judgment as to Batesville.

Affirmed.