Jack B. WILCOX, Petitioner,

v.

HILLCREST MEMORIAL PARK OF DALLAS et al., Respondents.

No. C–4603.

Supreme Court of Texas.

Jan. 8, 1986.

Jack B. Wilcox Garland, pro se.

Gerald R. Powell, Vial, Hamilton, Koch & Knox, Sidney H. Davis, Jr., Touchstone, Bernays, Johnston Beall & Smith, Stephen C. Schoettmer, Thompson & Knight, Dallas, John R. Stooksberry, Boyd, Veigel, Gay & McCall, Inc., McKinney, Lyle H.

Jeanes, II, Vial, Hamilton, Koch & Knox, Dallas, for respondents.

PER CURIAM

## OPINION ON APPLICATION FOR WRIT OF ERROR

Jack Wilcox sued Batesville Casket Company, Service Corporation International, Inc., d/b/a/ Sparkman-Hillcrest Funeral Home, and Hillcrest Memorial Park of Dallas for alleged negligence and breach of warranty in connection with the sale, handling, and maintenance of a "sealer"-type casket purchased by Wilcox. The jury failed to find any liability on the part of Hillcrest or Sparkman; however, they found that the casket supplied by Batesville was unfit for ordinary purposes and that such condition was a proximate cause of the occurrence at issue. The jury further found that Wilcox did not inform Batesville of the warranty claims within a reasonable period of time.

The trial court disregarded the jury's findings pertaining to the breach of warranty and rendered judgment that Wilcox take nothing. As an alternative ground for its judgment, the trial court held that Wilcox's failure to notify Batesville barred his breach of warranty claim. The court of appeals affirmed the trial court judgment, and, in doing so, held that Tex.Bus. and Com.Code Ann. § 2.607(c)(1) requires that a buyer notify a remote seller-manufacturer, such as Batesville, of an alleged breach of warranty within a reasonable time or be barred from any remedy for breach of warranty. 696 S.W.2d 423.

We agree with the trial court's alternative holding that there was no evidence to support the jury's findings concerning the breach of warranty. Because of such alternative grounds for the trial court's judgment, the court of appeals need not have decided this case on the basis of Section 2.607(c)(1). Thus, while we acknowledge the conflict between the court of appeals' decision in this case and the El Paso court of appeals decision in *Vintage Homes, Inc. v. Coldiron*, 585 S.W.2d 886 (Tex.Civ.App.

—El Paso 1979, no writ) on the question of whether a buyer must notify a remote seller-manufacturer of an alleged breach of warranty within a reasonable time, we reserve judgment on this question. The application for writ of error filed by Wilcox is refused, no reversible error.