Opinion issued May 22, 2003

















In The
Court of Appeals
For The
First District of Texas




NO. 01-00-00812-CV




U.S. TIRE-TECH, INC. and CUSTOM BLENDING INTERNATIONAL, INC.,
Appellants

V.

BOERAN, B.V., Appellee

* * * *

BOERAN, B.V., Appellant

V.

U.S. TIRE-TECH, INC. and CUSTOM BLENDING INTERNATIONAL, INC.,
Appellees




On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 96M1141




OPINION ON REHEARING

          On this day, the Court considered the motion for rehearing filed by Boeran,
B.V. (Boeran). We deny the motion; however, we withdraw our opinion of August
29, 2002, and issue this opinion in its stead.
          A jury awarded Boeran damages and attorneys’ fees in its suit against U.S.
Tire-Tech, Inc., and its alter-ego Custom Blending International, Inc. (both referred
to hereinafter as Tire-Tech). Tire-Tech, in four issues, contends that the trial court
erred when it rendered judgment on a Texas Deceptive Trade Practices–Consumer
Protection Act (DTPA) breach of express warranty claim and awarded damages. 
Boeran contends, in its appellate issues, that the trial court erred by refusing to enter
judgment based on the jury’s finding of a breach of implied warranty of
merchantability and by refusing requested jury questions. We reverse and render a
take nothing judgment in favor of Tire-Tech.
Background
          Tire-Tech manufactures a tire-liner product that is designed to seal punctures
in tires. Jerry Vickery, doing business as Marketing Ventures, Inc. (MVI), marketed
Tire-Tech’s product under the label name “Tire Seal.” Boeran, a Dutch corporation,
initially purchased a sample of Tire Seal from MVI. After Boeran tested the sample
and was satisfied with it, Boeran became a wholesale distributor for MVI in the
Netherlands and purchased a large, commercial quantity of Tire Seal in June or July
of 1994. Boeran did not have any contact with Tire-Tech during this transaction and
assumed MVI was the manufacturer of Tire Seal.
          A few months later, Boeran began receiving complaints from its customers 
about the performance of Tire Seal. The product was separating into liquid and solid
parts in its container and was causing tires to become unbalanced after it was applied. 
In 1995, Boeran began informing MVI through faxes and letters that it was
experiencing problems with Tire Seal. MVI later informed Tire-Tech by fax that
there was a problem with the product in the Netherlands, but did not identify Boeran
as the customer. There was no direct contact between Boeran and Tire-Tech until this
lawsuit was initiated. 
          When Boeran requested its money back, MVI replied that Boeran was
contractually limited to replacement of the product. Boeran refused to accept that
remedy. Boeran sued Tire-Tech and MVI under numerous theories of recovery. The
jury charge contained questions on breach of implied warranty, breach of express
warranty, DTPA violations, and revocation of acceptance. A jury found that both
Tire-Tech and MVI had breached an implied warranty of merchantability and an
express warranty. MVI was found liable under other theories as well, but MVI did
not appeal. The jury awarded Boeran $64,946.28 in damages and $45,996.00 in
attorneys’ fees. The court then rendered judgment against Tire-Tech and MVI, jointly
and severally, for the full amount of damages and attorneys’ fees found by the jury. 
                                             TIRE-TECH’S APPEAL
          However, while the court rendered judgment against MVI under all theories of
recovery found by the jury, the judgment stated that Tire-Tech was liable under the
DTPA only for breach of an express warranty, not for breach of an implied warranty
as also found by the jury. Tire-Tech filed a post-judgment motion requesting
modification of the judgment or, in the alternative, a new trial. The motion was
denied and this appeal then ensued. 
Privity of Contract in Breach of Express Warranty Claims
          In its first issue for review, Tire-Tech contends the trial court erred in granting
judgment on the DTPA based on breach of an express warranty because there was no
privity of contract between Tire-Tech and Boeran. Boeran contends an express
warranty was created through representations made by Tire-Tech to MVI and passed
on to Boeran. Boeran acknowledges a lack of privity because it contracted
exclusively with MVI, but contends that privity of contract is not required to maintain
an action for breach of an express warranty. 
           The question before us is whether privity of contract is required in order to
recover under the DTPA for breach of an express warranty when purely economic
loss is involved. Generally, in order to recover for breach of an express warranty
under the DTPA, a plaintiff must prove (1) he or she is a consumer, (2) a warranty
was made, (3) the warranty was breached, and (4) as a result of the breach, an injury
resulted. McDade v. Tex. Commerce Bank, Nat. Ass’n., 822 S.W.2d 713, 718 (Tex.
App.—Houston [1st Dist.] 1991, writ denied); see Tex. Bus. & Com. Code Ann. §
17.50(a)(2) (Vernon Supp. 2003). Privity is not required in order to be a consumer
under the DTPA. Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 649 (Tex. 1996);
Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 540-41 (Tex. 1981). Yet, the
DTPA does not define or create any warranties. Parkway Co. v. Woodruff, 901
S.W.2d 434, 438 (Tex. 1995). Warranties actionable under the DTPA, both express
and implied, must first be recognized by common law or created by statute. Id. Thus,
even in a case where damages are recovered under the DTPA, we must look outside
the DTPA to the existing law of warranties to determine if privity is required for
express-warranty claims. 
          Express warranties on goods are defined by the Uniform Commercial Code
(UCC). See Tex. Bus. & Com. Code Ann. § 2.313 (Vernon 1994). However, the
Texas version of the UCC is neutral regarding any privity requirement. Nobility
Homes of Tex., Inc. v. Shivers, 557 S.W.2d 77, 81 (Tex. 1977). In fact, the code
specifically “does not provide . . . whether the buyer or anyone entitled to take
advantage of a warranty made to the buyer may sue a third party other than the
immediate seller for deficiencies in the quality of the goods.” Tex. Bus. & Com.
Code Ann. § 2.318 (Vernon 1994). Instead, the code states, “These matters are left
to the courts for their determination.” Id.
          The Texas Supreme Court held in 1977 that privity of contract is not required
in order to recover purely economic losses from the breach of an implied warranty of
merchantability. Nobility Homes, 557 S.W.2d at 81; see Garcia v. Tex. Instruments,
Inc., 610 S.W.2d 456, 465 (Tex. 1980) (rejecting privity requirement for UCC
implied-warranty personal injury actions). The supreme court, however, has not
clearly stated whether privity of contract is required in order to recover purely
economic losses for breach of an express warranty, and the courts of appeals are
divided on the issue. 
          In the 1970s, several courts held that privity of contract was required in cases
involving purely economic losses and express warranties, and these courts have not
addressed the issue since that time. Tex. Processed Plastics, Inc. v. Gray Enter., Inc.,
592 S.W.2d 412, 415 (Tex. Civ. App.—Tyler 1979, no writ.) (“[I]n situations
involving solely economic loss based upon breach of express warranty, privity of
contract between the parties is required.”); Henderson v. Ford Motor Co., 547 S.W.2d
663, 667 (Tex. Civ. App.—Amarillo 1977, no writ.); Pioneer Hi-Bred Int’l, Inc. v.
Talley, 493 S.W.2d 602, 607-08 (Tex. Civ. App.—Amarillo 1973, no writ); Eli Lilly
& Co. v. Casey, 472 S.W.2d 598, 600 (Tex. Civ. App.—Eastland 1971, writ dism’d). 
The more recent trend among courts of appeals, however, has been to find that privity
of contract is not required in this situation. Edwards v. Schuh, 5 S.W.3d 829, 833
(Tex. App.—Austin 1999, no pet.) (“Privity is not required to enforce an express
warranty under the DTPA.”); Church & Dwight Co. v. Huey, 961 S.W.2d 560, 568
(Tex. App.—San Antonio 1997, pet. denied); Nat’l Bugmobiles, Inc. v. Jobi Prop.,
773 S.W.2d 616, 622 (Tex. App.—Corpus Christi 1989, writ denied); Indust-Ri-Chem
Lab., Inc. v. Par-Pak Co., 602 S.W.2d 282, 287-88 (Tex. Civ. App.—Dallas 1980, no
writ). 
          We agree with the reasoning of the more recent cases and hold that privity of
contract is not required in order to sustain a breach of express-warranty claim for
purely economic losses. To hold otherwise could allow unscrupulous manufacturers
who make public representations about their product’s performance to remain
insulated from express-warranty liability if consumers did not purchase the product
directly from them. See Nobility Homes, 557 S.W.2d at 81-82 (noting possible abuses
if privity strictly required); Indust-Ri-Chem Lab., 602 S.W.2d at 287 (applying
Nobility Homes policy concerns to express warranties). 
          We overrule Tire-Tech’s first issue.
Notice of Breach
          In its second issue for review, Tire-Tech contends the trial court erred in
rendering judgment against it because Boeran failed to provide Tire-Tech with notice
of the alleged breach of express warranty. The Texas UCC states that, after a tender
has been accepted, “the buyer must within a reasonable time after he discovers or
should have discovered any breach notify the seller of breach or be barred from any
remedy.” Tex. Bus. & Com. Code Ann. § 2.607(c)(1) (Vernon 1994). In 1986, the
supreme court acknowledged that there was a split among the courts of appeals
regarding whether a buyer is required to give notice of an alleged breach of warranty
to a remote seller-manufacturer. Wilcox v. Hillcrest Mem’l Park of Dallas, 701
S.W.2d 842, 843 (Tex. 1986) (refusing writ of error). While the supreme court
expressly reserved judgment on the issue in Wilcox, it has not since decided the issue. 
See id. 
          In Wilcox, the Dallas Court of Appeals held that section 2.607(c)(1) required
a buyer to notify a remote manufacturer or be barred from recovery. Wilcox v.
Hillcrest Mem’l Park of Dallas, 696 S.W.2d 423, 424-25 (Tex. App.—Dallas 1985),
writ ref’d n.r.e. per curiam, 701 S.W.2d 842 (Tex. 1986). Wilcox expressly disagreed
with the El Paso Court of Civil Appeals, which held that “the notice requirement of
Section 2.607 applies only as between a buyer and his immediate seller.” Vintage
Homes, Inc. v. Coldiron, 585 S.W.2d 886, 888 (Tex. Civ. App—El Paso 1979, no
writ). 
          We note the supreme court has clearly rejected the notion that the Texas UCC
was drafted “only with the intention of governing relations between immediate buyers
and sellers.” Garcia, 610 S.W.2d at 465; see Nobility Homes, 557 S.W.2d at 80. It
is difficult to conceive how the term “seller” could be read broadly to include a
remote manufacturer when rejecting a privity requirement, as in Nobility Homes, but
then read narrowly under section 2.607 so as to require that a buyer give notice only
to an immediate seller. The drafters of the UCC did not read section 2.607 as
referring solely to the relationship between a buyer and an immediate seller. See Tex.
Bus. & Com. Code Ann. § 2.607 cmt. 5 (Vernon 1994) (commenting that injured
non-buyer beneficiary also required to notify seller). Professors White and Summers,
explaining their endorsement of a notice requirement for remote manufacturers, state,
“If the manufacturer is to be held responsible for the buyer’s losses, it needs the
protection of timely notice at least as much as the buyer’s immediate seller.” James
J. White & Robert S. Summers, Uniform Commercial Code § 11-10 (4th ed.
1995). We concur in that assessment and hold that, under section 2.607(c)(1), a buyer
is required to give notice of an alleged breach of warranty to a remote manufacturer. 
Wilcox, 696 S.W.2d at 424-25; see Melody Home Mfg. Co. v. Morrison, 502 S.W.2d
196, 203 (Tex. Civ. App.—Houston [1st Dist.] 1973, writ ref’d n.r.e.). However, we
do note that the “reasonable time” to give notice may be extended in light of the level
of difficulty required in identifying the remote manufacturer. Tex. Bus. & Com.
Code Ann. § 2.607(c)(1); cf. Tex. Bus. & Com. Code Ann. § 2.607cmt. 4, 5 (Vernon
1994) (extending “reasonable time” for lay consumers and beneficiaries).
          Before considering the evidence of notice presented at trial, we must first
address Boeran’s contention that the issue has been waived under Texas Rule of Civil
Procedure 279, which states in relevant part:
Upon appeal all independent grounds of recovery or of defense not
conclusively established under the evidence and no element of which is
submitted or requested are waived. When a ground of recovery or
defense consists of more than one element, if one or more of such
elements necessary to sustain such ground of recovery or defense, and
necessarily referable thereto, are submitted to and found by the jury, and
one or more of such elements are omitted from the charge, without
request or objection, and there is factually sufficient evidence to support
a finding thereon, the trial court, at the request of either party, may after
notice and hearing and at any time before the judgment is rendered,
make and file written findings on such omitted element or elements in
support of the judgment. If no such written findings are made, such
omitted element or elements shall be deemed found by the court in such
manner as to support the judgment.

Tex. R. Civ. P. 279. Boeran contends the notice requirement of section 2.607(c)(1)
is an affirmative defense that was waived because it was not conclusively established
at trial. See id., Tex. R. Civ. P. 279; Integrated Title Data Systems v. Dulaney, 800
S.W.2d 336, 342 (Tex. App.—El Paso 1990, no writ) (holding notice requirement of
2.607 is affirmative defense). 
          We disagree with the characterization of the section 2.607 notice requirement
as an affirmative defense. The burden of alleging and proving notice under
2.607(c)(1) is properly placed on the buyer. Lochinvar Corp. v. Meyers, 930 S.W.2d
182, 189 (Tex. App.—Dallas 1996, no pet.); see Southwest Lincoln-Mercury, Inc. v.
Ross, 580 S.W.2d 2, 4-5 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ). As
other jurisdictions have noted, this notice requirement is better described as a
condition precedent for a buyer’s cause of action. See, e.g., Stamper Black Hills Gold
Jewelry, Inc. v. Souther, 414 N.W.2d 601, 604 (N.D. 1987); Parker v. Bell Ford, Inc.,
425 So.2d 1101, 1102 (Ala. 1983); Maybank v. S.S. Kresge Co., 273 S.E.2d 681, 683-84 (N.C. 1981); Jane Massey Draper, Annotation, Sufficiency and Timeliness of
Buyer’s Notice Under UCC § 2-607(3)(a) of Seller’s Breach of Warranty, 89 A.L.R.
5th 319, § 2[e] (2001). Further, other Texas statutory notice requirements, including
the DTPA’s notice requirement, have also been described as conditions precedent. 
Tex. Bus. & Com. Code Ann. § 17.505 (Vernon 2002); Investors, Inc. v. Hadley, 738
S.W.2d 737, 741-42 (Tex. App.—Austin 1987, writ denied) (noting other statutory
notice requirements and holding DTPA notice requirement to be condition
precedent).
          Rule of Civil Procedure 54 governs the pleading of conditions precedent,
including those created by statute. See Tex. R. Civ. P. 54; Hadley, 738 S.W.2d at
742. Tire-Tech specifically denied that notice of breach was ever provided by
Boeran. See Tex. R. Civ. P. 54 (requiring specific denial). Boeran was, therefore,
required to prove at trial that notice had been given. 
          None of the parties requested a jury question on notice for breach of an express
warranty, nor did any party object to the absence of this question. Under Rule 279,
however, the notice requirement could be deemed found by the court if factually
sufficient evidence of notice was presented at trial. See Tex. R. Civ. P. 279. 
Furthermore, statutory notice requirements can be the subject of a deemed finding. 
See U.S. Fire v. Ramos, 863 S.W.2d 534, 537-38 (Tex. App.—El Paso 1993, writ
denied) (holding statutory notice requirement of worker’s compensation statute was
not an independent ground of recovery; thus, the notice element could be the subject
of a deemed finding). However, we cannot deem an omitted element to be found if
such a deemed finding would conflict with another jury finding; thereby creating a
conflict in the verdict. See Burlington N. R.R. Co. v. Taylor, 916 S.W.2d 12, 15 (Tex.
App.—Houston [1st Dist.] 1995, no writ). We will construe Tire-Tech’s second issue
as contending that there could be no deemed finding of notice in this case.
          In this case, although there was no jury question about whether Boeran gave
notice of its express-warranty claim, there was a jury question about whether Boeran
gave notice of its implied-warranty claim.


 The jury found that Boeran did not give
Tire-Tech timely notice of its breach of implied-warranty claim. We believe that this
finding precludes us from deeming a finding that Boeran gave Tire-Tech timely
notice of its express-warranty claim.
          The notice requirement for both breach of implied warranty and breach of
express warranty springs from the same source—section 2.607(c)(1) of the Texas
Business and Commerce Code. A general expression of the buyer’s dissatisfaction
with the product may be sufficient to comply with section 2.607. See Carroll
Instrument Co. v. B.W.B. Controls Inc., 677 S.W.2d 654, 657 (Tex. App.—Houston
[1st Dist.] 1984, no writ).
          Boeran contends that it gave such timely notice, expressing its dissatisfaction
with the product, in a letter to Tire-Tech from its attorney, Craig Welscher, dated
January 8, 1996, in which Boeran’s attorney stated, “[A]lthough you warranted this
product to cause no balance problems, wheel balancing problems began to develop
through colder temperatures, driving without power steering, higher rates of speed,
and winding routes.” This notice, if accepted by the jury, would have been sufficient
to alert Tire-Tech of Boeran’s dissatisfaction with the product.
          However, despite this evidence, the jury failed to find that Boeran had given
Tire-Tech timely notice of its breach of implied-warranty claim, and Boeran does not
challenge the sufficiency of the evidence to support the jury’s failure to find timely
notice in its own appeal.


 If this Court were to deem a positive finding on the notice
requirement for breach of express-warranty, it would create a fatal conflict with the
jury’s negative finding on the notice requirement on the breach of implied-warranty
claim because the same type of notice, if believed by the jury, would have fulfilled
the notice requirement for both implied and express warranty. Therefore, we hold
that Boeran failed to prove that it provided Tire-Tech with timely notice on its breach
of express-warranty claim.
          Nevertheless, Boeran argues that notice was not required because the jury
found that it revoked acceptance of the product. See Tex. Bus. & Com. Code Ann.
§ 2.608 (Vernon 1994). However, the revocation finding applied only to MVI, not
to Tire-Tech. As part of this finding, the jury affirmed that MVI had been timely
notified about the revocation of acceptance. While this notice of revocation likely
negated the need to provide MVI with any additional notice for the breach of
warranty claim, it in no way served to give Tire-Tech notice of any alleged breach.
          Boeran presented no evidence that it directly gave Tire-Tech notice prior to
filing suit. Boeran notified MVI, and MVI later informed Tire-Tech of a problem in
the Netherlands without identifying Boeran. This notice to MVI, however, does not
satisfy Boeran’s notice requirement toward Tire-Tech. See Connick v. Suzuki Motor
Co., 675 N.E.2d 584, 590 (Ill. 1996) (holding manufacturer’s generalized knowledge
of concerns insufficient to meet UCC notice requirement). The manufacturer must
be made aware of a problem with a particular product purchased by a particular buyer. 
Id. Neither did the commencement of litigation satisfy this notice requirement. See
Wilcox, 696 S.W.2d at 424-26; see also Draper, 89 A.L.R.5th 319, at §10[b] (noting
cases with this holding). Thus, we must conclude that the trial court erred in
rendering judgment in favor of Boeran based on the breach of an express warranty
because no evidence was presented showing that Boeran gave Tire-Tech proper
notice of the alleged breach of warranty as required by section 2.607(c)(1).
          We sustain Tire-Tech’s second issue.
BOERAN’S APPEAL
          Having sustained appellant’s second issue, we need not address Tire-Tech’s
third and fourth issues for review. However, we must address Boeran’s cross-appeal
issues.
Implied Warranty Finding
          Boeran contends the trial court erred in failing to render judgment based on the
jury’s finding that Tire-Tech breached an implied warranty of merchantability. The
jury also found that Boeran did not give Tire-Tech notice of this breach, and the
sufficiency of the evidence to support the jury’s failure to find that notice was given
is not challenged on appeal. However, consistent with its argument that notice to
Tire-Tech was not required for the breach of express-warranty claim, Boeran also
argues that it was not required to give Tire-Tech notice of the alleged breach of
implied warranty. As noted in our discussion of the notice issue regarding the claim
for breach of an express warranty, we cannot agree. The section 2.607(c)(1) notice
requirement also applies to actions under the section 2.314 implied warranty of
merchantability. See Wilcox, 696 S.W.2d at 424-25 (breach of implied-warranty
case).
          We overrule Boeran’s first issue. 
Denial of Jury Questions 
          In its second issue, Boeran asserts that the trial court erred when it refused
Boeran’s request for jury questions on unconscionable action and breach of warranty
for a particular purpose. In its charge to the jury, a trial court must submit all
questions, instructions, and definitions raised by the pleadings and evidence. Tex.
R. Civ. P. 278; Hyundai Motor Co. v. Rodriguez, 995 S.W.2d 661, 663 (Tex. 1999). 
A trial court may refuse to submit an issue only if no evidence exists to warrant its
submission. Elbaor v. Smith, 845 S.W.2d 240, 243 (Tex. 1992). 
          A consumer may bring a DTPA cause of action when any unconscionable
action or course of action constitutes a producing cause of economic damages. Tex.
Bus. & Com. Code Ann. §17.50(a)(3) (Vernon 2002). Unlike breach of warranty,
“unconscionable action or course of action” is specifically defined by the DTPA. The
term means “an act or practice which, to a consumer’s detriment, takes advantage of
the lack of knowledge, ability, experience, or capacity of the consumer to a grossly
unfair degree.” Tex. Bus. & Com. Code Ann. § 17.45 (Vernon 2002). 
          An unconscionable act is not actionable under the DTPA unless it was
committed in connection with the plaintiff’s transaction in goods or services. See
Amstadt, 919 S.W.2d at 650. Although Tire-Tech manufactured the tire sealant that
was sold by MVI as Tire Seal, Tire-Tech had no other role in the sale between MVI
and Boeran. In Amstadt, the supreme court held that the actions of several companies
involved in the creation of faulty plumbing systems did not meet the in-connection-with requirement. See id. at 650-52. The court noted that a DTPA claim could be
brought against the immediate seller and the seller could then seek contribution and
indemnity from upstream manufacturers if applicable. Id. at 652. Given this
possibility, the court stated, “[W]e think that rather than permit limitless upstream
DTPA liability under these circumstances, the Legislature more likely intended for
consumers to seek DTPA recourse against those with whom they have engaged in a
consumer transaction.” Id. 
          Here, Tire-Tech was not involved in the consumer transaction between MVI
and Boeran. The trial court correctly refused to grant a jury question because there
was no evidence suggesting that the in-connection-with requirement had been met.



          Boeran also contends that it was entitled to a jury question regarding the 
breach of an implied warranty of fitness for a particular purpose. See Tex. Bus. &
Com. Code Ann. § 2.315 (Vernon 1994). As with Boeran’s other warranty claims,
notice of this breach was required under section 2.607(c)(1). Tex. Bus. & Com.
Code Ann. § 2.607(c)(1). Because the jury rejected Boeran’s argument that it had
provided timely notice of breach of implied warranty, and because the same type of
notice was required for breach of an implied warranty of fitness, error, if any, in
refusing a jury question on breach of an implied warranty of fitness is harmless. The
jury’s negative finding on notice would have precluded Boeran from recovering under
any warranty theory.
          We overrule Boeran’s second issue.
CONCLUSION
          Having sustained Tire-Tech’s second issue for review and overruled both of
Boeran’s issues, we reverse the judgment and render judgment that Boeran take
nothing against Tire-Tech.



 
 
Sherry Radack
                                                                        Chief Justice
 
Panel consists of Chief Justice Radack


 and Justices Jennings and Wilson.