U.S. TIRE–TECH, INC. and Custom
Blending International, Inc.,
Appellants,

v.

BOERAN, B.V., Appellee.

Boeran, B.V., Appellant,

v.

U.S. Tire–Tech, Inc. and Custom
Blending International,
Inc., Appellees.

No. 01–00–00812–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 22, 2003.

John S. Powell, John Powell & Associates, Pearland, for Appellants.

Dale R. Mellencamp, Bair & Fountain, P.C., Houston, for Appellee.

Panel consists of Chief Justice RADACK,* and Justices JENNINGS and WILSON.**

## OPINION ON REHEARING

SHERRY RADACK, Chief Justice.

On this day, the Court considered the motion for rehearing filed by Boeran, B.V. (Boeran). We deny the motion; however, we withdraw our opinion of August 29, 2002, and issue this opinion in its stead.

A jury awarded Boeran damages and attorneys' fees in its suit against U.S. Tire–Tech, Inc., and its alter-ego Custom Blending International, Inc. (both referred to hereinafter as Tire–Tech). Tire–Tech, in four issues, contends that the trial court erred when it rendered judgment on a Texas Deceptive Trade—Practices Consumer Protection Act (DTPA) breach of express warranty claim and awarded damages. Boeran contends, in its appellate issues, that the trial court erred by refusing to enter judgment based on the jury's finding of a breach of implied warranty of merchantability and by refusing requested jury questions. We reverse and render a take nothing judgment in favor of Tire–Tech.

## Background

Tire–Tech manufactures a tire-liner product that is designed to seal punctures in tires. Jerry Vickery, doing business as Marketing Ventures, Inc. (MVI), marketed Tire–Tech's product under the label name "Tire Seal." Boeran, a Dutch corporation, initially purchased a sample of Tire Seal from MVI. After Boeran tested the sample and was satisfied with it, Boeran became a wholesale distributor for MVI in the Netherlands and purchased a large, commercial quantity of Tire Seal in June or July of 1994. Boeran did not have any contact with Tire–Tech during this transaction and assumed MVI was the manufacturer of Tire Seal.

A few months later, Boeran began receiving complaints from its customers about the performance of Tire Seal. The product was separating into liquid and solid parts in its container and was causing tires to become unbalanced after it was applied. In 1995, Boeran began informing MVI through faxes and letters that it was experiencing problems with Tire Seal. MVI later informed Tire–Tech by fax that there was a problem with the product in the Netherlands, but did not identify Boeran as the customer. There was no direct

---

* This case was originally submitted to a panel consisting of Chief Justice Michael H. Schneider and Justices Jennings and Wilson. However, Chief Justice Schneider was appointed to the Texas Supreme Court and resigned from this Court on September 6, 2002, to assume that position. Chief Justice Sherry Radack replaces him on the panel.

** The Honorable Davie L. Wilson, retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

contact between Boeran and Tire–Tech until this lawsuit was initiated.

When Boeran requested its money back, MVI replied that Boeran was contractually limited to replacement of the product. Boeran refused to accept that remedy. Boeran sued Tire–Tech and MVI under numerous theories of recovery. The jury charge contained questions on breach of implied warranty, breach of express warranty, DTPA violations, and revocation of acceptance. A jury found that both Tire–Tech and MVI had breached an implied warranty of merchantability and an express warranty. MVI was found liable under other theories as well, but MVI did not appeal. The jury awarded Boeran $64,946.28 in damages and $45,996.00 in attorneys' fees. The court then rendered judgment against Tire–Tech and MVI, jointly and severally, for the full amount of damages and attorneys' fees found by the jury.

## TIRE–TECH'S APPEAL

However, while the court rendered judgment against MVI under all theories of recovery found by the jury, the judgment stated that Tire–Tech was liable under the DTPA only for breach of an *express* warranty, not for breach of an implied warranty as also found by the jury. Tire–Tech filed a post-judgment motion requesting modification of the judgment or, in the alternative, a new trial. The motion was denied and this appeal then ensued.

### Privity of Contract in Breach of Express Warranty Claims

In its first issue for review, Tire–Tech contends the trial court erred in granting judgment on the DTPA based on breach of an express warranty because there was no privity of contract between Tire–Tech and Boeran. Boeran contends an express warranty was created through representations made by Tire–Tech to MVI and passed on to Boeran. Boeran acknowledges a lack of privity because it contracted exclusively with MVI, but contends that privity of contract is not required to maintain an action for breach of an express warranty.

The question before us is whether privity of contract is required in order to recover under the DTPA for breach of an express warranty when purely economic loss is involved. Generally, in order to recover for breach of an express warranty under the DTPA, a plaintiff must prove (1) he or she is a consumer, (2) a warranty was made, (3) the warranty was breached, and (4) as a result of the breach, an injury resulted. *McDade v. Tex. Commerce Bank, Nat. Ass'n.*, 822 S.W.2d 713, 718 (Tex.App.-Houston [1st Dist.] 1991, writ denied); *see* TEX. BUS. & COM.CODE ANN. § 17.50(a)(2) (Vernon Supp.2003). Privity is not required in order to be a consumer under the DTPA. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex.1996); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540–41 (Tex.1981). Yet, the DTPA does not define or create any warranties. *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 438 (Tex.1995). Warranties actionable under the DTPA, both express and implied, must first be recognized by common law or created by statute. *Id.* Thus, even in a case where damages are recovered under the DTPA, we must look outside the DTPA to the existing law of warranties to determine if privity is required for express-warranty claims.

Express warranties on goods are defined by the Uniform Commercial Code (UCC). *See* TEX. BUS. & COM.CODE ANN. § 2.313 (Vernon 1994). However, the Texas version of the UCC is neutral regarding any privity requirement. *Nobility Homes of Tex., Inc. v. Shivers*, 557 S.W.2d 77, 81 (Tex.1977). In fact, the code specifically "does not provide . . . whether the buyer

or anyone entitled to take advantage of a warranty made to the buyer may sue a third party other than the immediate seller for deficiencies in the quality of the goods." TEX. BUS. & COM.CODE ANN. § 2.318 (Vernon 1994). Instead, the code states, "These matters are left to the courts for their determination." *Id.*

The Texas Supreme Court held in 1977 that privity of contract is not required in order to recover purely economic losses from the breach of an implied warranty of merchantability. *Nobility Homes,* 557 S.W.2d at 81; *see Garcia v. Tex. Instruments, Inc.,* 610 S.W.2d 456, 465 (Tex. 1980) (rejecting privity requirement for UCC implied-warranty personal injury actions). The supreme court, however, has not clearly stated whether privity of contract is required in order to recover purely economic losses for breach of an *express* warranty, and the courts of appeals are divided on the issue.

In the 1970s, several courts held that privity of contract was required in cases involving purely economic losses and express warranties, and these courts have not addressed the issue since that time. *Tex. Processed Plastics, Inc. v. Gray Enter., Inc.,* 592 S.W.2d 412, 415 (Tex.Civ.App.-Tyler 1979, no writ.) ("[I]n situations involving solely economic loss based upon breach of express warranty, privity of contract between the parties is required."); *Henderson v. Ford Motor Co.,* 547 S.W.2d 663, 667 (Tex.Civ.App.-Amarillo 1977, no writ.); *Pioneer Hi–Bred Int'l, Inc. v. Talley,* 493 S.W.2d 602, 607–08 (Tex.Civ.App.-Amarillo 1973, no writ); *Eli Lilly & Co. v. Casey,* 472 S.W.2d 598, 600 (Tex.Civ.App.-Eastland 1971, writ dism'd). The more recent trend among courts of appeals, however, has been to find that privity of contract is not required in this situation. *Edwards v. Schuh,* 5 S.W.3d 829, 833 (Tex. App.-Austin 1999, no pet.) ("Privity is not

required to enforce an express warranty under the DTPA."); *Church & Dwight Co. v. Huey,* 961 S.W.2d 560, 568 (Tex.App.-San Antonio 1997, pet. denied); *Nat'l Bugmobiles, Inc. v. Jobi Prop.,* 773 S.W.2d 616, 622 (Tex.App.-Corpus Christi 1989, writ denied); *Indust–Ri–Chem Lab., Inc. v. Par–Pak Co., Inc.,* 602 S.W.2d 282, 287–88 (Tex.Civ.App.-Dallas 1980, no writ).

We agree with the reasoning of the more recent cases and hold that privity of contract is not required in order to sustain a breach of express-warranty claim for purely economic losses. To hold otherwise could allow unscrupulous manufacturers who make public representations about their product's performance to remain insulated from express-warranty liability if consumers did not purchase the product directly from them. *See Nobility Homes,* 557 S.W.2d at 81–82 (noting possible abuses if privity strictly required); *Indust–Ri–Chem Lab.,* 602 S.W.2d at 287 (applying *Nobility Homes* policy concerns to express warranties).

We overrule Tire–Tech's first issue.

### Notice of Breach

In its second issue for review, Tire–Tech contends the trial court erred in rendering judgment against it because Boeran failed to provide Tire–Tech with notice of the alleged breach of express warranty. The Texas UCC states that, after a tender has been accepted, "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." TEX. BUS. & COM.CODE ANN. § 2.607(c)(1) (Vernon 1994). In 1986, the supreme court acknowledged that there was a split among the courts of appeals regarding whether a buyer is required to give notice of an alleged breach of warranty to a remote seller-manufacturer. *Wilcox v. Hillcrest Mem'l Park of Dallas,* 701 S.W.2d 842, 843 (Tex.1986) (refusing writ

of error). While the supreme court expressly reserved judgment on the issue in *Wilcox*, it has not since decided the issue. *See id.*

In *Wilcox*, the Dallas Court of Appeals held that section 2.607(c)(1) required a buyer to notify a remote manufacturer or be barred from recovery. *Wilcox v. Hillcrest Mem'l Park of Dallas*, 696 S.W.2d 423, 424–25 (Tex.App.-Dallas 1985), *writ ref'd n.r.e. per curiam*, 701 S.W.2d 842 (Tex.1986). *Wilcox* expressly disagreed with the El Paso Court of Civil Appeals, which held that "the notice requirement of Section 2.607 applies only as between a buyer and his immediate seller." *Vintage Homes, Inc. v. Coldiron*, 585 S.W.2d 886, 888 (Tex.Civ.App-El Paso 1979, no writ).

■ We note the supreme court has clearly rejected the notion that the Texas UCC was drafted "only with the intention of governing relations between immediate buyers and sellers." *Garcia*, 610 S.W.2d at 465; *see Nobility Homes*, 557 S.W.2d at 80. It is difficult to conceive how the term "seller" could be read broadly to include a remote manufacturer when rejecting a privity requirement, as in *Nobility Homes*, but then read narrowly under section 2.607 so as to require that a buyer give notice only to an immediate seller. The drafters of the UCC did not read section 2.607 as referring solely to the relationship between a buyer and an immediate seller. *See* TEX. BUS. & COM.CODE ANN. § 2.607 cmt. 5 (Vernon 1994) (commenting that injured non-buyer beneficiary also required to notify seller). Professors White and Summers, explaining their endorsement of a notice requirement for remote manufacturers, state, "If the manufacturer is to be held responsible for the buyer's losses, it needs the protection of timely notice at least as much as the buyer's immediate seller." JAMES J. WHITE & ROBERT S. SUMMERS, UNIFORM COMMERCIAL CODE § 11–10

(4th ed. 1995). We concur in that assessment and hold that, under section 2.607(c)(1), a buyer is required to give notice of an alleged breach of warranty to a remote manufacturer. *Wilcox*, 696 S.W.2d at 424–25; *see Melody Home Mfg. Co. v. Morrison*, 502 S.W.2d 196, 203 (Tex. Civ.App.-Houston [1st Dist.] 1973, writ ref'd n.r.e.). However, we do note that the "reasonable time" to give notice may be extended in light of the level of difficulty required in identifying the remote manufacturer. TEX. BUS. & COM.CODE ANN. § 2.607(c)(1); *cf.* TEX. BUS. & COM.CODE ANN. § 2.607 cmt. 4, 5 (Vernon 1994) (extending "reasonable time" for lay consumers and beneficiaries).

■ Before considering the evidence of notice presented at trial, we must first address Boeran's contention that the issue has been waived under Texas Rule of Civil Procedure 279, which states in relevant part:

> Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and no element of which is submitted or requested are waived. When a ground of recovery or defense consists of more than one element, if one or more of such elements necessary to sustain such ground of recovery or defense, and necessarily referable thereto, are submitted to and found by the jury, and one or more of such elements are omitted from the charge, without request or objection, and there is factually sufficient evidence to support a finding thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted element or elements in support of the judgment. If no such written findings are made, such omitted element or elements shall be deemed found by

the court in such manner as to support the judgment.

TEX.R. CIV. P. 279. Boeran contends the notice requirement of section 2.607(c)(1) is an affirmative defense that was waived because it was not conclusively established at trial. *See id.,* TEX.R. CIV. P. 279; *Integrated Title Data Systems v. Dulaney,* 800 S.W.2d 336, 342 (Tex.App.-El Paso 1990, no writ) (holding notice requirement of 2.607 is affirmative defense).

We disagree with the characterization of the section 2.607 notice requirement as an affirmative defense. The burden of alleging and proving notice under 2.607(c)(1) is properly placed on the buyer. *Lochinvar Corp. v. Meyers,* 930 S.W.2d 182, 189 (Tex. App.-Dallas 1996, no pet.); *see Southwest Lincoln–Mercury, Inc. v. Ross,* 580 S.W.2d 2, 4–5 (Tex.Civ.App.-Houston [1st Dist.] 1979, no writ). As other jurisdictions have noted, this notice requirement is better described as a condition precedent for a buyer's cause of action. *See, e.g., Stamper Black Hills Gold Jewelry, Inc. v. Souther,* 414 N.W.2d 601, 604 (N.D.1987); *Parker v. Bell Ford, Inc.,* 425 So.2d 1101, 1102 (Ala. 1983); *Maybank v. S.S. Kresge Co.,* 302 N.C. 129, 273 S.E.2d 681, 683–84 (1981); Jane Massey Draper, Annotation, *Sufficiency and Timeliness of Buyer's Notice Under UCC § 2–607(3)(a) of Seller's Breach of Warranty,* 89 A.L.R.5th 319 (2001), § 2[e] (2001). Further, other Texas statutory notice requirements, including the DTPA's notice requirement, have also been described as conditions precedent. TEX. BUS. & COM.CODE ANN. § 17.505 (Vernon 2002); *Investors, Inc. v. Hadley,* 738 S.W.2d 737, 741–42 (Tex.App.-Austin 1987, writ denied) (noting other statutory notice requirements and holding DTPA notice requirement to be condition precedent).

Rule of Civil Procedure 54 governs the pleading of conditions precedent, including those created by statute. *See* TEX.R. CIV. P. 54; *Hadley,* 738 S.W.2d at 742. Tire–Tech specifically denied that notice of breach was ever provided by Boeran. *See* TEX.R. CIV. P. 54 (requiring specific denial). Boeran was, therefore, required to prove at trial that notice had been given.

None of the parties requested a jury question on notice for breach of an express warranty, nor did any party object to the absence of this question. Under Rule 279, however, the notice requirement could be deemed found by the court if factually sufficient evidence of notice was presented at trial. *See* TEX.R. CIV. P. 279. Furthermore, statutory notice requirements can be the subject of a deemed finding. *See U.S. Fire v. Ramos,* 863 S.W.2d 534, 537–38 (Tex.App.-El Paso 1993, writ denied) (holding statutory notice requirement of worker's compensation statute was not an independent ground of recovery; thus, the notice element could be the subject of a deemed finding). However, we cannot deem an omitted element to be found if such a deemed finding would conflict with another jury finding; thereby creating a conflict in the verdict. *See Burlington N. R.R. Co. v. Taylor,* 916 S.W.2d 12, 15 (Tex.App.-Houston [1st Dist.] 1995, no writ). We will construe Tire–Tech's second issue as contending that there could be no deemed finding of notice in this case.

In this case, although there was no jury question about whether Boeran gave notice of its express-warranty claim, there was a jury question about whether Boeran gave notice of its implied-warranty claim.[1] The jury found that Boeran did

---

1. Jury question number eight provided:
 Did BOERAN B.V. give U.S. TIRE–TECH/CUSTOM BLENDING INTERNA- TIONAL, INC. timely notice of the alleged breach of implied warranty?
 Answer: No

not give Tire–Tech timely notice of its breach of implied-warranty claim. We believe that this finding precludes us from deeming a finding that Boeran gave Tire–Tech timely notice of its express-warranty claim.

 The notice requirement for both breach of implied warranty and breach of express warranty springs from the same source—section 2.607(c)(1) of the Texas Business and Commerce Code. A general expression of the buyer's dissatisfaction with the product may be sufficient to comply with section 2.607. *See Carroll Instrument Co. v. B.W.B. Controls Inc.*, 677 S.W.2d 654, 657 (Tex.App.-Houston [1st Dist.] 1984, no writ).

Boeran contends that it gave such timely notice, expressing its dissatisfaction with the product, in a letter to Tire–Tech from its attorney, Craig Welscher, dated January 8, 1996, in which Boeran's attorney stated, "[A]lthough you warranted this product to cause no balance problems, wheel balancing problems began to develop through colder temperatures, driving without power steering, higher rates of speed, and winding routes." This notice, if accepted by the jury, would have been sufficient to alert Tire–Tech of Boeran's dissatisfaction with the product.

However, despite this evidence, the jury failed to find that Boeran had given Tire–Tech timely notice of its breach of implied-warranty claim, and Boeran does not challenge the sufficiency of the evidence to support the jury's failure to find timely notice in its own appeal.[2] If this Court were to deem a positive finding on the notice requirement for breach of express-warranty, it would create a fatal conflict with the jury's negative finding on the notice requirement on the breach of implied-warranty claim because the same type of notice, if believed by the jury, would have fulfilled the notice requirement for both implied and express warranty. Therefore, we hold that Boeran failed to prove that it provided Tire–Tech with timely notice on its breach of express-warranty claim.

Nevertheless, Boeran argues that notice was not required because the jury found that it revoked acceptance of the product. *See* Tex. Bus. & Com.Code Ann. § 2.608 (Vernon 1994). However, the revocation finding applied only to MVI, not to Tire–Tech. As part of this finding, the jury affirmed that MVI had been timely notified about the revocation of acceptance. While this notice of revocation likely negated the need to provide MVI with any additional notice for the breach of warranty claim, it in no way served to give Tire–Tech notice of any alleged breach.

 Boeran presented no evidence that it directly gave Tire–Tech notice prior to filing suit. Boeran notified MVI, and MVI later informed Tire–Tech of a problem in the Netherlands without identifying

---

2. In its appeal, Boeran argues that no notice was required in order to prevail on its implied-warranty claim; however, it does not argue that the evidence was legally or factually insufficient to support the jury's failure to find timely notice of breach of implied warranty. In an abundance of caution, however, we have determined that there is legally and factually sufficient evidence to support the jury's failure to find timely notice of breach of implied warranty. The record shows that the letter referenced above was not sent to Tire–Tech until 10 months after Boeran became aware of problems with the product. All prior communications regarding the product had been with Vickery, who was not a representative of Tire–Tech. Furthermore, although the letter indicates it was sent certified mail, return receipt requested, there is no return receipt indicating that the letter was received by Tire–Tech. Based on this evidence, the jury could have reasonably concluded either (1) the notice was not timely or (2) it was never received by Tire–Tech.

Boeran. This notice to MVI, however, does not satisfy Boeran's notice requirement toward Tire–Tech. *See Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 221 Ill. Dec. 389, 675 N.E.2d 584, 590 (1996) (holding manufacturer's generalized knowledge of concerns insufficient to meet UCC notice requirement). The manufacturer must be made aware of a problem with a particular product purchased by a particular buyer. *Id.* Neither did the commencement of litigation satisfy this notice requirement. *See Wilcox*, 696 S.W.2d at 424–25; *see also Draper*, 89 A.L.R.5th 319, at § 10[b] (noting cases with this holding). Thus, we must conclude that the trial court erred in rendering judgment in favor of Boeran based on the breach of an express warranty because no evidence was presented showing that Boeran gave Tire–Tech proper notice of the alleged breach of warranty as required by section 2.607(c)(1).

We sustain Tire–Tech's second issue.

### BOERAN'S APPEAL

Having sustained appellant's second issue, we need not address Tire–Tech's third and fourth issues for review. However, we must address Boeran's cross-appeal issues.

### *Implied Warranty Finding*

Boeran contends the trial court erred in failing to render judgment based on the jury's finding that Tire–Tech breached an implied warranty of merchantability. The jury also found that Boeran did not give Tire–Tech notice of this breach, and the sufficiency of the evidence to support the jury's failure to find that notice was given is not challenged on appeal. However, consistent with its argument that notice to Tire–Tech was not required for the breach of express-warranty claim, Boeran also argues that it was not required to give Tire–Tech notice of the alleged breach of implied warranty. As noted in our discussion of the notice issue regarding the claim for breach of an express warranty, we cannot agree. The section 2.607(c)(1) notice requirement also applies to actions under the section 2.314 implied warranty of merchantability. *See Wilcox*, 696 S.W.2d at 424–25 (breach of implied-warranty case).

We overrule Boeran's first issue.

### *Denial of Jury Questions*

In its second issue, Boeran asserts that the trial court erred when it refused Boeran's request for jury questions on unconscionable action and breach of warranty for a particular purpose. In its charge to the jury, a trial court must submit all questions, instructions, and definitions raised by the pleadings and evidence. TEX.R. CIV. P. 278; *Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 663 (Tex.1999). A trial court may refuse to submit an issue only if no evidence exists to warrant its submission. *Elbaor v. Smith*, 845 S.W.2d 240, 243 (Tex.1992).

A consumer may bring a DTPA cause of action when any unconscionable action or course of action constitutes a producing cause of economic damages. TEX. BUS. & COM.CODE ANN. § 17.50(a)(3) (Vernon 2002). Unlike breach of warranty, "unconscionable action or course of action" is specifically defined by the DTPA. The term means "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." TEX. BUS. & COM.CODE ANN. § 17.45 (Vernon 2002).

An unconscionable act is not actionable under the DTPA unless it was committed *in connection with* the plaintiff's transaction in goods or services. *See Amstadt*, 919 S.W.2d at 650. Although Tire–Tech manufactured the tire sealant that was sold by MVI as Tire Seal, Tire–

Tech had no other role in the sale between MVI and Boeran. In *Amstadt,* the supreme court held that the actions of several companies involved in the creation of faulty plumbing systems did not meet the in-connection-with requirement. *See id.* at 650–52. The court noted that a DTPA claim could be brought against the immediate seller and the seller could then seek contribution and indemnity from upstream manufacturers if applicable. *Id.* at 652. Given this possibility, the court stated, "[W]e think that rather than permit limitless upstream DTPA liability under these circumstances, the Legislature more likely intended for consumers to seek DTPA recourse against those with whom they have engaged in a consumer transaction." *Id.*

Here, Tire–Tech was not involved in the consumer transaction between MVI and Boeran. The trial court correctly refused to grant a jury question because there was no evidence suggesting that the in-connection-with requirement had been met.[3]

■ Boeran also contends that it was entitled to a jury question regarding the breach of an implied warranty of fitness for a particular purpose. *See* TEX. BUS. & COM.CODE ANN. § 2.315 (Vernon 1994). As with Boeran's other warranty claims, notice of this breach was required under section 2.607(c)(1). TEX. BUS. & COM.CODE ANN. § 2.607(c)(1). Because the jury rejected Boeran's argument that it had provided timely notice of breach of implied warranty, and because the same type of notice was required for breach of an im-

plied warranty of fitness, error, if any, in refusing a jury question on breach of an implied warranty of fitness is harmless. The jury's negative finding on notice would have precluded Boeran from recovering under any warranty theory.

We overrule Boeran's second issue.

## CONCLUSION

Having sustained Tire–Tech's second issue for review and overruled both of Boeran's issues, we reverse the judgment and render judgment that Boeran take nothing against Tire–Tech.[4]

---

3. Boeran contends that we should apply an earlier definition of "unconscionable action or course of action" because the claim accrued prior to 1995 amendments affecting this definition. *See* Act of May 17, 1995, 74th Leg., R.S., ch. 414, § 2, 1995 Tex. Gen. Laws 2988, 2989. However, in order to apply the earlier definition, the suit must have been filed before September 1, 1996, and the record before us does not indicate that this was

the case. Act of May 17, 1995, 74th Leg., R.S., ch. 414, § 20, 1995 Tex. Gen. Laws 2988, 3004. Yet, even if this earlier definition were applicable, the failure to meet the in-connection-with requirement would still be determinative.

4. Boeran's judgment against MVI is not affected by this opinion.