Martha IBARRA, Appellant,

v.

NATIONAL CONSTRUCTION RENT-ALS, INC. a/k/a National Rent–A–Fence, Appellee.

No. 04–05–00390–CV.

Court of Appeals of Texas, San Antonio.

May 17, 2006.

Sitting: ALMA L. LÓPEZ, Justice, SANDEE BRYAN MARION, Justice, REBECCA SIMMONS, Justice.

## OPINION

Opinion by REBECCA SIMMONS, Justice.

Appellant Martha Ibarra appeals the trial court's granting of the Appellee's, National Construction Rentals, Inc. (National), motion for summary judgment and motion for directed verdict. In three issues, Ibarra contends that the trial court erred in granting (1) National's traditional motion for summary judgment because she is a consumer under the Texas Deceptive Trade Practices Act (DTPA); (2) National's no evidence motion for summary judgment because she presented more than a scintilla of evidence that National's acts or omissions caused her injuries; and (3) National's directed verdict because she complied with all the notice requirements or alternatively, was not required to give presuit notice. We affirm the judgment of the trial court.

### BACKGROUND

F.A. Nunnelly Company (Nunnelly) rented temporary fencing from National for use during construction at Krueger Middle School in San Antonio, Texas. On or about December 12, 2002, Appellant Ibarra was at Krueger Middle School picking up her son when a 14 year-old child, while rollerblading on school grounds, lost control and grabbed a temporary fence pulling it down and causing the fence to fall on top of Ibarra.[1] Ibarra sustained injuries and filed suit against Nunnelly and National for negligence, premises liability,

Danny R. Scott, Jr., Law Office of Danny R. Scott, Jr., Beaumont, Orlando R. Lopez, The Lopez Law Firm, San Antonio, for appellant.

Bret L. Walton, Werstein & Rhodes, San Antonio, Steven Loomis, Law Office of Patrick Groves, Austin, for appellees.

---

1. Apparently, the child was anywhere from 5 feet 9 inches to 6 feet tall and weighed from 160 to 180 pounds.

breach of implied warranty of fitness for a particular purpose, breach of the implied warranty of merchantability, violation of the Texas Deceptive Trade Practices Act (DTPA), and negligent entrustment.

National filed a motion for summary judgment on all of Ibarra's claims. The trial court partially granted National's motion dismissing Ibarra's claims for exemplary damages and DTPA violations. At trial, the court granted National's motion for a directed verdict on Ibarra's breach of warranty claims. The trial court submitted the only remaining claims of premises liability and negligence to the jury. The jury found that Nunnelly's negligence, and not National's, proximately caused Ibarra's injuries. The trial court entered a judgment that Ibarra recover the sum of $20,000 from Nunnelly and that Ibarra take nothing from National. This appeal ensued.

MOTION FOR SUMMARY JUDGMENT

Ibarra asserted that National committed a wrongful act under the DTPA by breaching the implied warranty of merchantability and the implied warranty of fitness for a particular purpose. National moved for summary judgment claiming there was no evidence showing that any action or inaction on its part proximately caused damages to Ibarra. Specifically, National claims there is no evidence that placing sandbags on the base of the fence panels would have actually prevented the accident, and consequently there is no evidence to show that any negligence alleged by Ibarra actually caused the accident. We agree.

**A. Legal Insufficiency Standard of Review**

We review a no evidence summary judgment de novo. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997); *Nixon v. Mr. Property*

*Mgmt.*, 690 S.W.2d 546, 549 (Tex.1985). When a party moves for summary judgment under Rule 166a(i) asserting that no evidence exists as to one or more elements of a claim on which the nonmovant would have the burden of proof at trial, the burden is on the nonmovant to present more than a scintilla of probative evidence to raise a genuine issue of material fact on each of the challenged elements. TEX.R. CIV. P. 166a(i); *Reynosa v. Huff*, 21 S.W.3d 510, 512 (Tex.App.-San Antonio 2000, no pet.). If the nonmovant fails to do so, the trial judge must grant the motion. *See Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex.App.-Austin 1998, no pet.). We construe the record in the light most favorable to the nonmovant disregarding all contrary evidence and inferences. *Havner*, 953 S.W.2d at 711. When the trial judge grants the summary judgment without specifying the basis for the ruling, we affirm the judgment if any of the movant's theories are meritorious. *Rogers v. Ricane Enter., Inc.*, 772 S.W.2d 76, 79 (Tex. 1989).

**B. Discussion**

In order to recover for a violation of the Texas Deceptive Trade Practices Act, Ibarra must establish that National's actions were a producing cause of her damages. TEX. BUS. & COM.CODE ANN. § 17.50(a) (Vernon 2002); *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 117 (Tex.2004). Producing cause requires that the act be both a cause in fact and a substantial factor in causing the plaintiff's injuries. *Brown v. Bank of Galveston*, 963 S.W.2d 511, 514 (Tex.1998). A producing cause is an efficient, exciting, or contributing cause that in the natural sequence of events produces injuries or damages. *Id.* An act or omission is a cause in fact of an injury, if without it, the harm would not have occurred. *W. Invs., Inc. v. Urena*,

162 S.W.3d 547, 550–51 (Tex.2005). Conversely, an act or omission is not a cause in fact if it does no more than furnish a condition that makes the injury possible. *Id.*

Ibarra contends that Dr. Joel Hebert's affidavit testimony raises a genuine issue of material fact as to whether National caused her injuries. Dr. Hebert stated "I am of the opinion that Nunnelly and National were negligent in their use of the temporary fencing in that they failed to anchor it properly and that allowed it to fall on Plaintiff. Based on the new information that I have reviewed, I believe National was negligent and responsible for the unsafe fence that injured the Plaintiff."

At best, Dr. Hebert's testimony is some evidence that National breached a legal duty in failing to secure the fence with sandbags, but it is no evidence that National's acts or omissions were in violation of the DTPA and a producing cause of Ibarra's injuries. *See id.* (stating cause in fact, an element of producing cause, cannot be established by conjecture, guess, or speculation). Further, Dr. Hebert never bridged the analytical gap between the evidence and his opinion. During his deposition, Dr. Hebert testified that he did not have an opinion as to whether placing sandbags on the base of the fence panels would have actually prevented the accident.[2] He further stated he did not conduct any testing as to the effect of a similar force against a fence secured with sandbags. Dr. Herbert's testimony, in as much as it relates to establishing a causal relationship between National's actions or omissions, is conclusory and thus no evidence of causation. *See Volkswagen of Am., Inc. v. Ramirez,* 159 S.W.3d 897, 906 (Tex.2004) (stating expert witness never explained how tests supported his opinion, thus opinion was conclusory and was no evidence of causation). At most, these statements may be used to raise a mere surmise or suspicion that National's acts or omissions were the producing cause of Ibarra's injuries. However, facts that create a mere surmise or suspicion are, in legal effect, no evidence. *Haynes & Boone v. Bowser Bouldin, Ltd.,* 896 S.W.2d 179, 183 (Tex.1995). Consequently, there was no evidence that National's failure to place sandbags was a cause in fact that in the natural sequence of events produced Ibarra's injuries.

Based on the summary judgment evidence, we conclude that Ibarra failed to carry her burden to produce more than a scintilla of probative evidence that the alleged violation of the DTPA was a producing cause of her injuries. *See Jackson v. Fiesta Mart, Inc.,* 979 S.W.2d 68, 70–71 (Tex.App.-Austin 1998, no pet.) (stating that the burden is on the nonmovant in a no evidence motion for summary judgment to present "more than a scintilla of probative evidence to raise a genuine issue of material fact"). Accordingly, the trial court did not err in granting National's no evidence summary judgment. We overrule issue two.[3]

## MOTION FOR DIRECTED VERDICT

The trial court granted National's oral motion for directed verdict. National claimed, in its motion, that the evidence failed to (1) establish that Ibarra provided

---

2. Although Dr. Hebert subsequently changed his opinion stating that the placing of sandbags would have prevented the accident, this opinion came at trial and after the trial court granted National's motion for summary judgment.

3. Having overruled issue two we find issue one, relating to whether Ibarra was a consumer under the DTPA, immaterial.

the statutorily required notice for a breach of implied warranties cause of action, and (2) prove the requisite causation element for the alleged breach of implied warranties.

■■■■ A trial court may direct a verdict when either a plaintiff fails to present evidence raising a fact issue essential to its right of recovery, or the evidence conclusively proves a fact that establishes the movant's right to judgment as a matter of law. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000); *Cortez v. HCCI–San Antonio, Inc.*, 131 S.W.3d 113, 120 (Tex.App.-San Antonio 2004), *aff'd* 159 S.W.3d 87 (Tex.2005). In reviewing the granting of a directed verdict, we follow the standard of review for assessing the legal sufficiency of the evidence. *S.V. v. R.V.*, 933 S.W.2d 1, 8 (Tex. 1996); *see generally City of Keller v. Wilson*, 168 S.W.3d 802 (Tex.2005). Further, we can consider any reason the directed verdict should have been granted, even if not stated in the party's motion. *Gonzales v. Willis*, 995 S.W.2d 729, 740 (Tex.App.-San Antonio 1999, no pet.).

The notice requirement for a breach of implied warranties stems from Section 2.607(c)(1) and Section 2A.516 of the Texas Business and Commerce Code. *See U.S. Tire–Tech, Inc. V. Boeran*, 110 S.W.3d 194, (Tex.App.-Houston [1st Dist.] 2003, pet. denied). During the hearing on National's motion for directed verdict, Ibarra argued that National tried the matter by consent because it failed to amend its pleadings to incorporate a lack of notice claim. On appeal, Ibarra further claims because National failed to specifically deny that it received notice, her statement that "all conditions precedent [have] been performed or have occurred" established that she complied with all notice requirements. Alternatively, Ibarra claims she was not

required to give notice of a breach. We disagree with each of Ibarra's claims.

■■■■ Despite Ibarra's assertion, the record clearly establishes that National's live pleading specifically denied that Plaintiff gave notice of "any alleged breach of warranty or implied warranty within a reasonable time and in fact gave no notice of any defect or claim until suit, which bars her recovery under any claim for breach of warranty...." Under Rule 54 the party pleading that the conditions precedent have occurred must prove such if specifically denied by the opposite party. TEX.R. CIV. P. 54. As such, Ibarra needed to prove that she provided presuit notice to National or that no notice was required. *See U.S. Tire–Tech, Inc. v. Boeran*, 110 S.W.3d 194, 201 (Tex.App.-Houston [1st Dist.] 2003, pet. denied) (concluding that Tire–Tech specifically denied that notice of breach was ever provided and therefore, Boeran was required to prove at trial that notice had been given). Having failed to provide presuit notice, we must now determine whether Ibarra was required to notify National of her injuries within a reasonable time after discovering the alleged breach of the implied warranties of merchantability and fitness for a particular purpose.

■■■■ Alternatively, Ibarra claims she was not required to provide notice because the statutory notice requirement does not apply to a plaintiff that is a "nonlessee" or "nonbuyer" claiming damages for personal injuries. Ibarra, however, fails to cite to any authority directly supporting her claim. Although if strictly read Section 2A.516 applies only to lessees, an equal interpretation would require concluding that Section 2.607 applies solely to buyers. Yet, as comment 5 to Section 2.607 notes:

> Under this Article various beneficiaries are given rights for injuries sustained by them because of the seller's breach of

warranty. Such a beneficiary does not fall within the reason of the present section in regard to discovery of defects and the giving of notice within a reasonable time after acceptance, since he has nothing to do with acceptance. *However, the reason of this section does extend to requiring the beneficiary to notify the seller that an injury has occurred.*

TEX. BUS. & COM.CODE ANN. § 2.607 cmt. 5 (Vernon 1994) (emphasis added); *see U.S. Tire–Tech, Inc.*, 110 S.W.3d at 199 (stating "[t]he drafters of the UCC did not read section 2.607 as referring solely to the relationship between a buyer and an immediate seller" (citing to comment 5 to Section 2.607 of the Texas Business and Commerce Code)).

We see no distinctions, as to the notice requirement within Section 2A.516, to merit a different outcome from that of Section 2.607.[4] If the reasoning behind Section 2.607 extends to requiring a beneficiary to notify the seller that an injury has occurred, then Section 2A.516 would likewise require a beneficiary to notify the lessor or supplier that an injury has occurred. Ibarra's status as a beneficiary and claims of breach of implied warranties stem from the relationship between Nunnelly, the lessee, and National, the lessor. It would prove illogical to conclude that beneficiaries resulting from the relationship of a lessee and a lessor are not required to notify the lessor or supplier that an injury has occurred while requiring notice from

beneficiaries stemming from the relationship of a buyer and seller.[5]

We conclude that Ibarra failed to provide the required statutory notice. Consequently, the trial court did not err in granting National's motion for directed verdict on Ibarra's breach of implied warranty claims. *See Wilcox v. Hillcrest Memorial Park of Dallas*, 696 S.W.2d 423, 424–25 (Tex.1985) (holding that the failure to provide notice under Section 2.607 bars any remedy). Accordingly, we overrule Ibarra's final issue.

### CONCLUSION

Having overruled all of Ibarra's material issues, we affirm the judgment of the trial court.

---

**4.** Section 2.607 of the Texas Business and Commerce Code provides: "Where a tender has been accepted (1) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy[.]" Similarly, Section 2A.516 of the Texas Business and Commerce Code provides: "If a tender has been accepted: (1) within a reasonable time after the lessee discovers or should have discovered any default, the lessee shall notify the lessor and supplier, if any, or be barred from any remedy against the party

not notified[.]" We note that the notice requirement in Section 2A.516 does not apply to consumer leases. Here, however, the only lease involved is not a consumer lease.

**5.** Interestingly, Ibarra supports her breach of warranty claim by asserting that she is allowed to "seek recovery on a warranty theory against the seller who gave a warranty if the plaintiff suffers personal injury because the fence was not as warranted."