NUMBER 13-06-047-CV



COURT OF APPEALS
 


THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOHN O. BARKKARI AND 

MARY A. BARKKARI, Appellants,


v.


VEGA ROOFING, INC., 

A TEXAS CORPORATION, Appellee.

 


On appeal from the County Court at Law No. 1 


of Cameron County, Texas.

 

 

MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Wittig (1)


Memorandum Opinion by Justice Wittig
 

 Appellants, John and Mary Barkkari, sued appellee, Vega Roofing, Inc. (Vega)
alleging that Vega performed a faulty roof repair job on their home. A jury found that all
parties had breached the contract, all parties were negligent, appellants had waived their
contract rights, and found a breach of warranty with no resulting damages. The trial court
entered judgment upon part of the verdict in favor of Vega for $1200. 

 The details of the procedural and factual background of this case are known to the
parties and will not be reiterated herein. Tex. R. App. P. 47.1.

 Appellants raise three issues which we address in order: (1) the trial court erred by
granting a directed verdict on negligence based upon the statute of limitations; (2) the trial
court erred by granting a directed verdict on appellants' DTPA claims for lack of statutory
notice; and (3) the trial court erred by submitting an issue on waiver because there was no
evidence to support its submission. We affirm.

 1. Directed Verdict on Negligence

 In their first issue, appellants state: 

 The trial court erred in granting Defendant's request for a directed
verdict against Plaintiffs' negligence claim on the basis that the statute of
limitations had run before the claim was filed. 


Appellants argue that Vega had the burden to prove when their cause of action accrued,
and because there was no evidence in the record as to when their "injuries" occurred, the
court erred by granting the request for a directed verdict. Appellants contend " . . . there
is not a scintilla of evidence establishing when the acts complained of were committed." 

 Appellant's contention is faulty because appellants' negligence pleadings were
based upon failure to properly repair the roof, failure to supervise and monitor the
employees working on the roof, failure to educate the employees, and failure to exercise
care not to damage the parapet walls, scuppers and downpours. Testimony indicated
these initial repairs were all completed in June 2000, more than two years before the suit
was brought on May 21, 2003. (2)

 A court may instruct a verdict if no evidence of probative force raises a fact issue
on the material questions in the suit. Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.,
29 S.W.3d 74, 77 (Tex. 2000). A directed verdict for a defendant is proper in two
situations. First, a court may direct a verdict when a plaintiff fails to raise a fact issue
essential to the plaintiff's right of recovery. Id. Second, a trial court may direct a verdict
for the defendant if the evidence conclusively establishes a defense to the plaintiff's cause
of action. Id.

 Appellants call our attention to the reporter's record at pages 170 and 204. See
Tex. R. App. P. 38.1(h). There, we observe that, indeed, appellee moved for a directed
verdict on "[a]ll the negligence and theories that sound in tort, which would be at [a] two
year statute of limitations." In this pre-jury submission conference, the trial court did not
rule on the negligence claim, and the following day indicated she would allow the jury to
decide because the issue could become moot. The negligence issue was submitted to the
jury, and, although appellants argued the discovery rule to the trial court, it was neither
pleaded nor submitted to the jury.

 Appellate practice requires that an appellant's brief must contain a clear and concise
argument for the contentions made with appropriate citations to authorities and to the
record. Tex. R. App. P. 38.1(h). Premised upon appellant's argument and citation to the
record, we have no alternative but to overrule appellants' issue that the trial court erred by
granting a directed verdict on their negligence theory. The trial court did not direct a verdict
on the negligence issue and therefore could not have erred as argued by appellants. (3) 
Appellants' first issue is overruled.

 2. DTPA Notice Requirement

 Appellants next contend the trial court erroneously granted an instructed verdict on
their DTPA claim. The apparent basis for the court's rejection of this claim was appellants'
failure to give notice as required by the Texas Business and Commerce Code. See Tex.
Bus. & Com. Code Ann. § 17.505 (Vernon 2002). (4) When appellee filed its original answer,
it was accompanied by a plea in abatement. Appellants argue the abatement automatically
was in force on July 19, 2003. Even though the automatic stay was in force, however, the
parties continued developing the case unabated. Appellants conclude: "There is no
evidence that Defendant made any effort to enforce the stay, thereby waiving it." 
Appellants cite no authority for this contention.

 Consumers must give written notice to the defendants at least sixty days before
filing suit. Tex. Bus. & Com. Code Ann. § 17.505(a) (Vernon 2002). Defendants who do
not receive written notice before being sued may file a plea in abatement not later than the
thirtieth day after filing an original answer. Id. § 17.505(c) (Vernon 2002). Abatement is
mandatory if, after a hearing, the trial court finds that a party entitled to notice did not
receive it. Id. § 17.505(d) (Vernon 2002). Unless the consumers controvert the plea by
filing an affidavit before the eleventh day after the filing of the plea, the abatement is
automatic beginning on the eleventh day after the plea is filed, provided the plea in
abatement is verified and alleges that the defendants did not receive the required written
notice. Id. 

 In this case, the appellee filed a verified plea in abatement within thirty days of being
sued under the DTPA, and the consumer-appellants failed to timely controvert the plea. 
Thus, the suit was automatically abated, and the trial court did not have the discretion to
deny the plea.

 It has been held that the notice requirement of section 17.505 of the business and
commerce code is a condition precedent to appellants' recovery. See id. § 17.505;
Investors, Inc. v. Hadley, 738 S.W.2d 737, 742 (Tex. App.-Austin 1987, writ denied) ("We
know of no reason why the notice required by § 17.50A should not also be subject to Rule
54, since it is clearly a 'condition precedent' to recovery."); (5) see also U.S. Tire-Tech, Inc.
v. Boeran, B.V., 110 S.W.3d 194, 200 (Tex. App.-Houston [1st Dist.] 2003, pet. denied). 
Because appellants did not comply with a condition precedent to recovery under the TDPA,
they were not entitled to a submission to the jury under this theory. Id. We overrule the
second issue.

 3. Waiver

 In their last issue, appellants contend that the trial court erred in submitting a waiver
issue to the jury because it was not raised by the evidence. Waiver is defined as "an
intentional relinquishment of a known right or intentional conduct inconsistent with claiming
that right." Jernigan v. Langley, 111 S.W.3d 153, 157 (Tex. 2003) (citing Sun Exploration
& Prod. Co. v. Benton, 728 S.W.2d 35, 37 (Tex.1987); U.S. Fid. & Guar. Co. v. Bimco Iron
& Metal Corp., 464 S.W.2d 353, 357 (Tex.1971)). Waiver is largely a matter of intent. 
Jernigan, 111 S.W.3d at 156-57. For implied waiver to be found through a party's actions,
intent must be clearly demonstrated by the surrounding facts and circumstances. Motor
Vehicle Bd. v. El Paso Indep. Auto. Dealers Ass'n, Inc., 1 S.W.3d 108, 111 (Tex. 1999). 
There is no waiver of a right if the person sought to be charged with waiver says or does
nothing inconsistent with an intent to rely upon such right. Maryland Cas. Co. v. Palestine
Fashions, Inc., 402 S.W.2d 883, 888 (Tex. 1966). Waiver is ordinarily a question of fact,
but when the facts and circumstances are undisputed, the question becomes one of law. 
Motor Vehicle Bd., 1 S.W.3d at 111.

 A legal sufficiency challenge may only be sustained when: (1) the record discloses
a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact; (3) the
evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence
establishes conclusively the opposite of a vital fact. Uniroyal Goodrich Tire Co. v. Martinez,
977 S.W.2d 328, 334 (Tex. 1998); Robert W. Calvert, "No Evidence" and "Insufficient
Evidence" Points of Error, 38 Tex. L. Rev. 361, 362-63 (1960). In determining whether
there is legally sufficient evidence to support the finding under review, we must consider
evidence favorable to the finding if a reasonable factfinder could, and disregard evidence
contrary to the finding unless a reasonable factfinder could not have made such a finding. 
City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).

 We review a trial court's decision to submit or refuse a particular instruction under
an abuse of discretion standard of review. In the Interest of V.L.K., 24 S.W.3d 338, 341
(Tex. 2000)(citing Louisiana-Pacific Corp. v. Knighten, 976 S.W.2d 674, 676 (Tex. 1998)). 
The trial court has considerable discretion to determine necessary and proper jury
instructions. Id. A party is entitled to a jury question, instruction, or definition if the
pleadings and evidence raise an issue. Dew v. Crown Derrick Erectors, Inc., 208 S.W.3d
448, 456 (Tex. 2006); see Tex. R. Civ. P. 278; Union Pac. R.R. Co. v. Williams, 85 S.W.3d
162, 166 (Tex. 2002).

 Appellants maintain that the only evidence of waiver was appellants' refusal to pay
appellee its full contract price. If that were indeed the only evidence of waiver, we would
be inclined to agree with appellants. Rather, the evidence shows that appellee made
several attempts to satisfy appellants. First, the evidence showed that appellee made
many telephone calls to appellants attempting to address the alleged problems; however,
the calls were not returned. This of course was disputed by appellants. Next, appellee
offered to modify the scupper to alleviate, in whole or in part, the problem with pooling
water. Appellants refused this offer of repair. Juan Vega expressly testified he was not
given the opportunity to comply with the warranty portion of the contract and his company
was not given the opportunity to go back to the job site to fix any problems. (6) 

 Vega further testified he was prejudiced by appellants' conduct because they
resorted to a lawsuit rather than to discuss the problems with him and allow his company
the opportunity to fix any problems. Finally, had appellee been given the opportunity to
remedy the problems, it could have performed the repairs at costs thousands of dollars
less than those claimed by appellants.

 Thus, there was evidence in the record that appellants intentionally gave up or
relinquished rights under the contract for repairs or committed intentional conduct
inconsistent with their contract right claims. See Jernigan, 111 S.W.3d at 157. 

 We hold that appellee raised an issue of fact that supported the submission of the
jury question of waiver. See Motor Vehicle Bd., 1 S.W.3d at 111 (providing that waiver is
ordinarily a question of fact). Accordingly, the trial court did not abuse her discretion by
submitting the question of waiver to the jury. Dew, 208 S.W.3d at 456. This issue is
overruled.

4. Conclusion


 The judgment of the trial court is affirmed. 

 

 DON WITTIG,

 Justice


Memorandum Opinion delivered and 

filed this the 30th day of August, 2007.

1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to section 74.003 of the Texas Government Code. See Tex. Gov't Code Ann. § 74.003 (Vernon
2005).
2. Appellants also argue that subsequent repairs were negligently made some months later. However,
appellants' legal injury had already occurred and thus limitations had begun to run by June 2000.
3. If appellant meant to argue that the trial court disregarded the jury's negligence finding upon entry
of judgment, or granted a judgment non obstante verdicto, the result would be the same. Suit was not filed
until more than two years after the alleged breech of duty and legal injury. See Wexler v. Household Credit
Services, Inc., 106 S.W.3d 277, 279 (Tex. App.-Dallas, 2003, no pet.).
4. The trial court could as well have directed a verdict on this claim based upon the statute of limitations.
5. Section 17.50A was renumbered as Texas Business and Commerce Code section 17.505 by Act
approved May 25, 1987, 70th Leg., R.S., ch. 167, § 5.02(4), 1987 Tex. Gen. & Spec. Laws 1338, 1361, eff.
Sept. 1, 1987.
6. Appellee was allowed to return to the job site on one occasion. Although appellants' complained of
problems persisted, appellee was not afforded any further opportunity to address the concerns.